IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARL JEFFREY PARKS                                                                   PLAINTIFF

   v.                              Civil No. 11-5023

JAIL DEPUTY HALL (Third Shift);
JAIL ADMINISTRATOR ROBERT
HOLLY; and SHERIFF KEITH FERGUSON                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

By orders entered on February 16, 2011 (Doc. 6) and April 25, 2011 (Doc. 13), the Court directed service on Defendant Deputy J. Hall (third shift). A return of service (Doc. 18) was filed. It indicates the United States Marshal Service was unable to serve Deputy J. Hall because no one by that name is, or was ever, employed at the Benton County Sheriff's Office.

By order entered on June 6, 2011 (Doc. 19), Plaintiff was directed to provide the Court with the full name of Deputy J. Hall or sufficient information so that he could be identified and served by the United States Marshal. Plaintiff was to provide this information to the Court by June 24, 2011.

Plaintiff did not respond to the Court order. Plaintiff did not request an extension of time to respond. On June 29, 2011, a show cause order (Doc. 21) was entered. Plaintiff was given until July 18, 2011, to show cause why this case should not be dismissed based on his failure to obey the order of the Court and his failure to prosecute this case.

**AO72A**
**(Rev. 8/82)**

To date, Plaintiff has not responded to the show cause order.  The order was not returned as undeliverable.  Plaintiff did not request an extension of time to respond to the order.  Plaintiff has not communicated with the Court in anyway.

Defendants filed a motion to dismiss (Doc. 22) asking that the case be dismissed based on Plaintiff's failure to respond to the Court's orders.  Plaintiff did not respond to the motion to dismiss.

I recommend that the motion to dismiss (Doc. 22) be granted and this case dismissed with prejudice based on the Plaintiff's failure to respond to the orders of the Court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of September 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)